IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| EARL DANIEL COOPER, PRO SE, § | | |
| also known as EARL D. COOPER, § | | |
| also known as EARL COOPER, JR., § | | |
| also known as EARL DANIEL COOPER, JR., § | | |
| TDCJ-CID No. 1541308, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 2:11-CV-0161 |
| § | | |
| RICK THALER, Director; § | | |
| CHARLES R. McDUFFIE, Warden; § | | |
| NORVEL L. ARNOLD, Assistant Warden; § | | |
| TIMOTHY R. WASHINGTON; § | | |
| DENNIS F. WILSON; SONNY CALDRON; § | | |
| PENNI L. PONDER; JACKLYN McNEIL; § | | |
| EDWARD C. AGUILAR, JR.; § | | |
| PAUL G. PRECIADO; § | | |
| JUSTIN C. MAYBERY; § | | |
| CHERYL C. LAWSON; § | | |
| TIFFANY M. CHRISTIAN; § | | |
| DOROTHY L. BARFOOT; § | | |
| JOE B. MILBERN; JOHN MORIARTY, § | | |
| Inspector General; AMANDA G. PALOMA; § | | |
| CHELSEA M. HERNANDEZ; § | | |
| AMBER R. PEARSON; § | | |
| CYNTHIA A. GARCIA; § | | |
| DESTINY R. PELCHAT; JOE L. CELAYA; § | | |
| ERIC A. MARCELLUS; ERICA A. FROST; § | | |
| STEPHANIE R. CLARK; § | | |
| ERNESTINA LOPEZ; PENNI TURNER; § | | |
| CARISSA NORTON; and § | | |
| KIMBERLY FLIPPIN, § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff EARL DANIEL COOPER, acting pro se and while a prisoner confined in the

Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to

Title 42, United States Code, section 1983 complaining against the above-referenced defendants

and has been granted permission to proceed in forma pauperis.

By COOPER's initial complaint, filed July 29, 2011, he sought to sue twenty-nine individual defendants and had submitted a complaint over one hundred pages long.  This pleading consisted in large part of conclusory allegations relating to alleged conspiracies to file false disciplinary cases against him and fail to protect him.  Several defendants named were simply TDCJ employees who appear ro have been acting solely in a supervisory capacity.  As a result of the vague and global nature of the complaint, and because of its failure to comply with Rule 8, Federal Rules of Civil Procedure, the Court issued an August 8, 2011 Order giving plaintiff COOPER thirty days in which to file an amended complaint detailing the specific facts alleged against each defendant on the form provided by the Court.  Plaintiff was instructed to ensure the amended complaint presented a short and plain statement setting forth his claims and a concise statement of each claim against each defendant relying on specific facts instead of conclusory allegations.  Plaintiff was also instructed not to attach or reference in any way other documents, such as his original complaint.

Plaintiff filed an amended complaint August 17, 2011.  Plaintiff's amended complaint does not comply with the Court's August 8, 2011 instructions in that it seeks to adopt by reference a number of grievances and other exhibits which plaintiff had attached to his original complaint.  Not only does the Amended Complaint violate the Court's Order, the documents plaintiff seeks to incorporate render this Court's PLRA screening obligation unreasonably difficult, if not impossible.

The rubric that the pleadings of pro se litigants must not be held to the same standard as those of trained lawyers does not place upon the courts a duty to winnow exhibits such as grievances and I-60s in order to separate the chaff from the wheat of what may be the plaintiff's intended claim(s) and identify the defendant(s) plaintiff should sue.  Although pro se pleadings are

liberally construed, a plaintiff is ultimately the master of his choice of actions, and even a pro se complaint should not be so broadly interpreted as to include a claim not urged. *See Lazard v. Chevron U.S.A. Inc.,* Civ. Action No. 90-2019, 1991 WL 68303, at *3 (E.D.La. Apr.21, 1991). Plaintiff whether through his attorney or, if proceeding *in pro se*, personally, must identify his cause of action and provide a sufficient factual basis to support a claim against the defendant(s) he has identified. This obligation persists whether the plaintiff is a prisoner or non-prisoner. The plaintiff can legitimately be expected to state the factual basis for his claim of constitutional deprivations. Providing those facts to the Court does not require legal training or the use of legal terminology.

A pro se litigant such as the present plaintiff is best served by simply stating the who, what, when, and where of the particular constitutional violation which motivated him to file suit. Plaintiff COOPER has failed to do this and his amended complaint does not comply with this Court's Order to Amend. Neither his original complaint nor his amended complaint comply with Rule 8 of the Federal Rules of Civil Procedure.

Instead, plaintiff appears to be attempting to incorporate into his lawsuit every act or omission he finds objectionable by every TDCJ-CID officer or employee he has encountered during his assignment at the Neal Unit. Plaintiff appears to complain of multiple disciplinary cases, at least some of which resulted in loss of goodtime (if the Court's understanding of plaintiff's hazy factual allegations is correct), and of a variety of specific acts or omissions by the named defendants, such as a failure to enforce unidentified prison policies in the workplace (defendant TIFFANY M. CHRISTIAN), as well as other incidents. Plaintiff also includes vague and global claims unsupported by any factual basis, such as his claim(s) against defendants THALER and McDUFFIE. By later-filed pleadings, plaintiff appears to be attempting to widen the scope of his lawsuit still further. *See*, *e.g.*, plaintiff's December 6, 2011 Declaration by which he complains of

the calculation of his sentence by prison officials.

Plaintiff consistently complains of "no safe precautions being taken to protect him by the mention defendant" but does not provide factual specifics.

Plaintiff has alleged no material fact to show there is a far-reaching conspiracy among the twenty-nine named defendants to place him in danger or convict him of false disciplinary cases and it does not appear that the claims he attempts to assert belong in a single suit.

Further, plaintiff repeatedly references and incorporates his original complaint into his amended complaint in violation of the Court's instructions.

## CONCLUSION

The Court has reviewed plaintiff's August 27, 2012 amended complaint and finds it does not comply with the Order issued August 8, 2011 or with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a), Federal Rules of Civil Procedure, requires that pleadings setting out a claim for relief contain a short and plain statement of the claim showing the pleader is entitled to relief. A short and plain statement of the claim is one which gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 1237 S.Ct. 1955, 1964 (2007).

The Court notes plaintiff has substantially delayed the processing of his case by his failure to comply with the clear and concise instructions of the Court. Plaintiff has also wasted precious judicial resources by submitting an amended complaint which was obviously not in compliance with the Court's Order. It is plaintiff's responsibility to file a complaint which complies with the Federal Rules, and the Court will not indulge plaintiff by reading multiple copies or versions of his claims and cobbling them together into a version most favorable to plaintiff simply to discover his claims and conduct an initial screening of them.

Due to plaintiff's failure to amend and cure the noted defects by submitting an Amended Complaint which fully complies with the instructions in the August 8, 2011 Order to amend, including but not limited to compliance with Federal Rule of Civil Procedure 8 and not incorporating any other complaints by reference or attachment, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff EARL DANIEL COOPER be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND FOR REFUSAL TO COMPLY WITH AN ORDER OF THE COURT.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of January, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).